James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
M. Magali Mercera, Esq., Bar No. 11742
MMM@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, NV 89101
Telephone: (702) 214-2100
Facsimile: (702) 214-2101

William C. O'Neil (*pro hac vice* forthcoming)
woneil@winston.com
Matthew A. Durkin (*pro hac vice* forthcoming)
mdurkin@winston.com
WINSTON & STRAWN LLP
300 North LaSalle, Suite 4400
Chicago, IL 60654
Telephone: (312)558-3726
Facsimile: (312)558-5700

*Attorneys for Defendants*
*The Hertz Corporation, Hertz Vehicles, LLLC, Dollar Rent a Car, Inc., Thrifty Rent a Car System, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL MORSE,<br><br>Plaintiff,<br><br>vs.<br><br>THE HERTZ CORPORATION; HERTZ VEHICLES, LLC; DOLLAR RENT A CAR, INC.; THRIFTY RENT A CAR SYSTEM, LLC; MIRRA SIMPSON; and DOES 1-10<br><br>Defendant(s). | CASE NO. 2:25-cv-02482-GMN-NJK<br><br>(Clark County District Court Case No. A-25-931296-C)<br><br>**DEFENDANTS THE HERTZ CORPORATION, HERTZ VEHICLES, LLC, DOLLAR RENT A CAR, INC., AND THRIFTY RENT A CAR SYSTEM, LLC'S ANSWER TO COMPLAINT**<br><br>Complaint Filed: October 24, 2025<br>Complaint Removed to Federal Court: December 12, 2025 |

Defendants The Hertz Corporation, Hertz Vehicles, LLC, Dollar Rent A Car, Inc., and Thrifty Rent A Car System (collectively, the "Hertz Defendants"), by and through their counsel of record, the law firms of Winston & Strawn LLP and Pisanelli Bice PLLC, hereby submit their Answer to Plaintiff Michael Morse's ("Plaintiff") Complaint as follows:

## I. COMPLAINT FOR DAMAGES

1. Paragraph 1 is a colloquy that purportedly provides a general summary of the basis for Plaintiff's allegations in the Complaint and contains legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations in Paragraph 1.

## II. INTRODUCTION

2. The Hertz Defendants deny the allegations contained in Paragraph 2.

3. The allegations contained in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 3.

## III. NATURE OF THE ACTION

4. Paragraph 4 purports to summarize the claims alleged in the Complaint and contains legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations in Paragraph 4, and further deny that Plaintiff is entitled to any relief.

## IV. JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants admit that the events that gave rise to this action occurred in Clark County, Nevada, where the Hertz Defendants have business contacts; that the Hertz Corporation and Hertz Vehicles LLC are citizens of Delaware; that Defendant Rent A Car System LLC is a citizen of Oklahoma; that Defendant Simpson was a citizen of Nevada. The Hertz Defendants deny the remaining allegations contained in Paragraph 5.

6. The allegations in Paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 6.

7. The allegations in Paragraph 7 contain legal conclusions to which no response is required.

8. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, on that basis, deny the allegations contained therein.

## V. PARTIES

9. The Hertz Defendants admit that, upon information and belief, Plaintiff currently resides in the city of Santa Maria. The Hertz Defendants otherwise lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, deny the allegations contained therein.

10. The Hertz Defendants admit the allegations contained in Paragraph 10.

11. The Hertz Defendants admit that Hertz Vehicles LLC has business contacts in Clark County, Nevada. The Hertz Defendants further admit that a majority of the vehicles rented out by The Hertz Corporation are titled in the name of Hertz Vehicles LLC.

12. The Hertz Defendants admit the allegations contained in Paragraph 12.

13. The Hertz Defendants admit the allegations contained in Paragraph 13.

14. Paragraph 14 purports to explain an internal reference in the Complaint, to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 14.

15. The allegations in Paragraph 15 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants admit that Defendant Simpson was an employee of Hertz. The Hertz Defendants deny the remaining allegations contained in Paragraph 15.

16. The Hertz Defendants deny the allegations contained in Paragraph 16.

17. The allegations in Paragraph 17 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 17.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent that a response is required, the Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and, on that basis, deny the allegations contained therein.

## VI. GENERAL FACTUAL ALLEGATIONS

19. The Hertz Defendants deny the allegations contained in Paragraph 19.

20. The Hertz Defendants deny the allegations contained in Paragraph 20.

21. The Hertz Defendants deny the allegations contained in the first Paragraph numbered 21.

21. The Hertz Defendants deny the allegations contained in the second Paragraph numbered 21.[1]

22. The Hertz Defendants deny the allegations contained in Paragraph 22.

*A. HERTZ fails to properly record rental extensions.*

23. The Hertz Defendants admit that Plaintiff had rented vehicles from Hertz through the Uber program since 2022. The Hertz Defendants further admit that there are several ways for its rental customers to extend their rental. The Hertz Defendants deny the remaining allegations contained in Paragraph 23.

24. The Hertz Defendants deny the allegations contained in Paragraph 24.

25. The Hertz Defendants deny the allegations contained in Paragraph 25.

26. The Hertz Defendants deny the allegations contained in Paragraph 26.

27. The Hertz Defendants deny the allegations contained in Paragraph 27.

28. The Hertz Defendants deny the allegations contained in Paragraph 28.

29. The Hertz Defendants admit the allegations contained in Paragraph 29.

30. The Hertz Defendants deny the allegations contained in Paragraph 30.

31. The Hertz Defendants deny the allegations contained in Paragraph 31.

32. The Hertz Defendants deny the allegations contained in Paragraph 32.

*B. HERTZ fails to track inventory and rents "stolen" vehicles.*

33. The Hertz Defendants deny the allegations contained in Paragraph 33.

34. The Hertz Defendants deny the allegations contained in Paragraph 34.

*C. HERTZ fails to follow safeguards against false police reports.*

35. The Hertz Defendants deny the allegations contained in Paragraph 35.

36. The Hertz Defendants deny the allegations contained in Paragraph 36.

---

[1] The Complaint includes two paragraphs numbered as Paragraph 21. For consistency, the Hertz Defendants have maintained the numbering from the Complaint.

37. The Hertz Defendants deny the allegations contained in Paragraph 37.

38. The Hertz Defendants deny the allegations contained in Paragraph 38.

39. The Hertz Defendants deny the allegations contained in Paragraph 39.

40. The Hertz Defendants deny the allegations contained in Paragraph 40.

41. The Hertz Defendants deny the allegations contained in Paragraph 41.

*D. HERTZ fails to correct false police reports and false reports to Uber.*

42. The Hertz Defendants deny the allegations contained in Paragraph 42.

43. The Hertz Defendants deny the allegations contained in Paragraph 43.

44. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and, on that basis, deny the allegations contained therein

*E. HERTZ maintains outdated computer systems.*

45. The Hertz Defendants deny the allegations contained in Paragraph 45.

46. The Hertz Defendants deny the allegations contained in Paragraph 46.

*F. HERTZ benefits from false police reports.*

47. The Hertz Defendants deny the allegations contained in Paragraph 47.

48. The Hertz Defendants deny the allegations contained in Paragraph 48.

*G. HERTZ knows it files false police reports, and, by extension, HERTZ knows it sends false theft reports to Uber.*

49. The Hertz Defendants admit that Hertz announced a settlement of $168 million in 2022. The Hertz Defendants deny the remaining allegations contained in Paragraph 49.

50. The Hertz Defendants deny the allegations contained in Paragraph 50.

51. The Hertz Defendants deny the allegations contained in Paragraph 51.

52. The Hertz Defendants deny the allegations contained in Paragraph 52.

53. The judgments and dockets ambiguously referenced by Plaintiff speak for themselves regarding the claims alleged therein. Plaintiff's single-sentence summary is an incomplete depiction, and, on that basis, the Hertz Defendants deny the allegations contained in Paragraph 53.

54. The Hertz Defendants admit the articles cited by Plaintiff exist but deny the characterizations of Hertz contained therein. The Hertz Defendants deny the remaining allegations contained in Paragraph 54.

55. The testimony ambiguously referenced by Plaintiff speaks for itself. Plaintiff's single-sentence summary is an incomplete depiction, and, on that basis, the Hertz Defendants deny the allegations contained in Paragraph 55.

*H. HERTZ files false police reports and prosecutes customers for an improper purpose.*

56. The Hertz Defendants deny the allegations contained in Paragraph 56.

57. The Hertz Defendants deny the allegations contained in Paragraph 57.

58. The allegations contained in Paragraph 58 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 58.

## VII. SPECIFIC FACTUAL ALLEGATIONS

59. The Hertz Defendants admit that Plaintiff had rented vehicles from Hertz through the Uber program since 2022. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59, and, on that basis, deny the remaining allegations contained therein.

60. The Hertz Defendants admit the allegations contained in Paragraph 60.

61. The Hertz Defendants admit that Plaintiff was enrolled in Hertz's Uber program. The Hertz Defendants deny the remaining allegations contained in Paragraph 61.

62. The Hertz Defendants deny the allegations contained in Paragraph 62.

63. The Hertz Defendants deny the allegations contained in Paragraph 63.

64. The Hertz Defendants admit that Plaintiff brought the vehicle to Hertz on October 27, 2023. The Hertz Defendants deny the remaining allegations contained in Paragraph 64.

65. The Hertz Defendants deny the allegations contained in Paragraph 65.

66. The Hertz Defendants deny the allegations contained in Paragraph 66.

67. The Hertz Defendants deny the allegations contained in Paragraph 67.

68. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and, on that basis, deny the allegations contained therein

69. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and, on that basis, deny the allegations contained therein.

70. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and, on that basis, deny the allegations contained therein

71. The allegations in Paragraph 71 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 71.

72. The Hertz Defendants admit that Plaintiff served Hertz with a subpoena in conjunction with his criminal case and a demand letter. The Hertz Defendants deny the remaining allegations contained in Paragraph 72.

73. The Hertz Defendants deny the allegations contained in Paragraph 73.

74. The Hertz Defendants deny the allegations contained in Paragraph 74.

75. The Hertz Defendants deny the allegations contained in Paragraph 75.

76. The Hertz Defendants deny the allegations contained in Paragraph 76.

77. The Hertz Defendants admit that both Plaintiff and Simpson received citations for battery. The Hertz Defendants deny the remaining allegations contained in Paragraph 77.

78. The Hertz Defendants deny the allegations contained in Paragraph 78.

79. The Hertz Defendants deny the allegations contained in Paragraph 79.

80. The Hertz Defendants deny the allegations contained in Paragraph 80.

81. The Hertz Defendants admit that Plaintiff purports to quote former CEO Steven Scherr, and any statements or words printed in the media story identified in footnote 4 of the Complaint speak for themselves. The Hertz Defendants deny the remaining allegations contained in Paragraph 81.

82. The Hertz Defendants admit that Plaintiff purports to quote statements made by Hertz in its November 12, 2024 SEC Form 10-Q, and cites to a December 6, 2022 NPR news article as the source of the same. The Hertz Defendants admit that the quoted language was included in the SEC Form (but not the cited article), but deny Paragraph 82's characterizations concerning the same.

83. Paragraph 83 contains legal conclusions to which no response is required. To the extent that a response is required, the Hertz Defendants deny the allegations contained in Paragraph 83.

84. The Hertz Defendants deny the allegations contained in Paragraph 84.

85. The allegations in Paragraph 85 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 85, and, on that basis, deny the allegations contained therein.

86. The allegations in Paragraph 86 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 86.

87. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 87, and, on that basis, deny the allegations contained therein.

88. The Hertz Defendants deny the allegations contained in Paragraph 88.

89. The allegations in Paragraph 89 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 89.

90. The Hertz Defendants deny the allegations contained in Paragraph 90.

91. The Hertz Defendants deny the allegations contained in Paragraph 91.

## VIII. CAUSES OF ACTION

**COUNT I**

**Negligence**

**(HERTZ and Does 1-10)**

92. The Hertz Defendants incorporate their answers to Paragraphs 1-91 as if fully restated herein as their answer to Paragraph 92.

93. The Hertz Defendants admit the allegations contained in Paragraph 93.

94. The allegations contained in Paragraph 94 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 94.

95. The allegations contained in Paragraph 95 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 95.

96. The Hertz Defendants admit that they are aware of the existence of the litigation mentioned in Paragraph 96, but deny the characterization of such litigation contained therein. The Hertz Defendants deny the remaining allegations contained in Paragraph 96.

97. The Hertz Defendants deny the allegations contained in Paragraph 97.

98. The allegations contained in Paragraph 98 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 98.

99. The allegations contained in Paragraph 99 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 99.

100. The allegations contained in Paragraph 100 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 100, and further deny that Plaintiff is entitled to any relief.

101. The allegations contained in Paragraph 101 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 101, and further deny that Plaintiff is entitled to any relief.

102. The allegations contained in Paragraph 102 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 102, and further deny that Plaintiff is entitled to any relief.

**COUNT 2**

**Civil Battery with Gross Bodily Injury**

**(HERTZ and SIMPSON)**

103. The Hertz Defendants incorporate their answers to Paragraphs 1-102 as if fully restated herein as their answer to Paragraph 103.

104. The allegations contained in Paragraph 104 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 104.

105. The allegations contained in Paragraph 105 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 105.

106. The Hertz Defendants deny the allegations contained in Paragraph 106.

107. The Hertz Defendants deny the allegations contained in Paragraph 107.

108. The allegations contained in Paragraph 108 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 108.

109. The allegations contained in Paragraph 109 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 109.

110. The allegations contained in Paragraph 110 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 110.

111. The allegations contained in Paragraph 111 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 111.

**COUNT 3**

**False Imprisonment**

**(HERTZ and SIMPSON)**

112. The Hertz Defendants incorporate their answers to Paragraphs 1-111 as if fully restated herein as their answer to Paragraph 112.

113. The allegations contained in Paragraph 113 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 113.

114. The allegations contained in Paragraph 114 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 114.

115. The allegations contained in Paragraph 115 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 115.

116. The allegations contained in Paragraph 116 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 116.

117. The allegations contained in Paragraph 117 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 117.

118. The allegations contained in Paragraph 118 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 118.

**COUNT 4**

**Breach of Contract based on Fraudulent Misrepresentation**

**(HERTZ and Does 1-10)**

119. The Hertz Defendants incorporate their answers to Paragraphs 1-118 as if fully restated herein as their answer to Paragraph 119.

120. The allegations contained in Paragraph 120 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 120.

121. The allegations contained in Paragraph 121 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 121.

122. The allegations contained in Paragraph 122 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 122.

123. The allegations contained in Paragraph 123 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 123.

124. The allegations contained in Paragraph 124 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 124.

125. The allegations contained in Paragraph 125 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 125.

126. The allegations contained in Paragraph 126 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 126.

**COUNT 5**

**Defamation (Libel)**

**(HERTZ and Does 1-10)**

127. The Hertz Defendants incorporate their answers to Paragraphs 1-126 as if fully restated herein as their answer to Paragraph 127.

128. The allegations contained in Paragraph 128 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 128.

129. The allegations contained in Paragraph 129 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 129.

130. The allegations contained in Paragraph 130 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 130.

131. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 131, and, on that basis, deny the allegations contained therein

132. The allegations contained in Paragraph 132 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 132.

133. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and, on that basis, deny the allegations contained therein.

134. The allegations contained in Paragraph 134 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 134.

135. The allegations contained in Paragraph 135 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 135.

136. The allegations contained in Paragraph 136 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 136.

**COUNT 6**

**Intentional Infliction of Emotional Distress**

**(HERTZ and Does 1-10)**

137. The Hertz Defendants incorporate their answers to Paragraphs 1-136 as if fully restated herein as their answer to Paragraph 137.

138. The allegations contained in Paragraph 138 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 138.

139. The allegations contained in Paragraph 139 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 139.

140. The allegations contained in Paragraph 140 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 140.

141. The allegations contained in Paragraph 141 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 141.

142. The allegations contained in Paragraph 142 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 142.

143. The allegations contained in Paragraph 143 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 143.

144. The allegations contained in Paragraph 144 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 144.

145. The allegations contained in the first Paragraph numbered 145 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in the first Paragraph numbered 145.

## IX. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

145. The Hertz Defendants deny the allegations in the second Paragraph numbered 145 and deny that Plaintiff is entitled to any of the requested relief, or any relief whatsoever.[2]

146. The Hertz Defendants deny the allegations in Paragraph 146 and deny that Plaintiff is entitled to any of the requested relief against them, or any relief whatsoever.

147. The Hertz Defendants deny the allegations in Paragraph 147 and deny that Plaintiff is entitled to any of the requested relief against them, or any relief whatsoever.

148. The Hertz Defendants deny the allegations in Paragraph 148 and deny that Plaintiff is entitled to any of the requested relief against them, or any relief whatsoever.

149. The Hertz Defendants deny the allegations in Paragraph 149 and deny that Plaintiff is entitled to any of the requested relief against them, or any relief whatsoever.

150. The Hertz Defendants deny the allegations in Paragraph 150 and deny that Plaintiff is entitled to any of the requested relief against them, or any relief whatsoever.

151. The Hertz Defendants deny the allegations in Paragraph 151 and deny that Plaintiff is entitled to any of the requested relief against them, or any relief whatsoever.

[2] The Complaint includes two paragraphs numbered as Paragraph 145. For consistency, the Hertz Defendants have maintained the numbering from the Complaint.

## X. DEMAND FOR JURY TRIAL

152. The Hertz Defendants admit that Plaintiff purports to demand a jury trial, but denies that Plaintiff is entitled to a jury trial on all or some of the claims asserted in this action.

## GENERAL DENIAL

All allegations in the Complaint that have not been expressly admitted, denied, or otherwise responded to, are denied.

## AFFIRMATIVE DEFENSES

As separate and additional defenses to each of Plaintiff's purported causes of action, and without admitting the truth of any allegation set forth in the Complaint not expressly admitted herein or conceding that the Hertz Defendants bear the burden of proof or persuasion as to any of the issues raised in these defenses, the Hertz Defendants assert the following affirmative defenses to the Complaint and each of the causes of action purportedly stated therein. The Hertz Defendants reserve the right to assert other defenses and claims, including, without limitation, counterclaims, cross-claims, and third-party claims, as and when appropriate and/or available in this action.

**First Affirmative Defense:** The Complaint fails to state a cause of action upon which relief can be granted.

**Second Affirmative Defense:** Plaintiff is barred from recovery because any damages suffered by Plaintiff were not caused in fact or proximately caused by the alleged acts of the Hertz Defendants.

**Third Affirmative Defense:** Plaintiff's damages, if any, were caused, in whole or in part, by the acts of individuals or entities other than the Hertz Defendants, including Plaintiff himself.

**Fourth Affirmative Defense:** Plaintiff is barred from recovery because at the time of the Hertz Defendants' alleged police report and at the time of Plaintiff's citation, there was probable cause to believe that Plaintiff had committed, or was committing, a crime.

**Fifth Affirmative Defense:** Plaintiff is barred from recovery because at the time of the Hertz Defendants' alleged police report, the Hertz Defendants did not act maliciously.

**Sixth Affirmative Defense:** Plaintiff is barred from recovery because at the time of the Hertz Defendants' alleged police report, the Hertz Defendants did not actively participate in or instigate Plaintiff's arrest, detainment, or citation.

**Seventh Affirmative Defense:** Plaintiff is barred from recovery because at the time of the Hertz Defendants' alleged police report, the Hertz Defendants merely provided information to law enforcement, which was then free to exercise its own judgment and discretion, and made an independent determination to arrest, detain, and prosecute Plaintiff.

**Eighth Affirmative Defense:** Plaintiff is barred from recovery because the Hertz Defendants enjoy a qualified privilege for reports made in good faith to law enforcement.

**Ninth Affirmative Defense:** The Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

**Tenth Affirmative Defense:** At all relevant times, the Hertz Defendants' actions were in good faith and were not intended to deceive.

**Eleventh Affirmative Defense:** The Hertz Defendants duly performed and satisfied all duties and obligations that it may have owed Plaintiff arising out of the rental agreement.

**Twelfth Affirmative Defense:** Plaintiff breached contractual obligations he owed to the Hertz Defendants.

**Thirteenth Affirmative Defense** Plaintiff is barred, in whole or in part, from recovery of any damages from Defendant because Plaintiff may not bring an action at law against an employer by invoking *respondeat superior* or any other legal theory for any alleged injury that Plaintiff sustained which was caused by a nonmanagement employee or an employee acting outside the course and scope of their employment duties and responsibilities.

**Fourteenth Affirmative Defense:** The Hertz Defendants reserve the right to amend this Answer up to and including the time of trial to include any affirmative defense that may become known or be discovered during the course of further discovery in this matter.

**Fifteenth Affirmative Defense:** The Hertz Defendants statements, actions, or omissions with respect to Plaintiff, if any, are protected as privileged and justified under applicable Nevada and federal law, including, but not limited to, the First Amendment of the United States Constitution.

**Sixteenth Affirmative Defense:** The Hertz Defendants' statements with respect to Plaintiff, if any, were not defamatory and were substantially true.

**Seventeenth Affirmative Defense:** The Hertz Defendants' statements with respect to Plaintiff, if any, are reasonably capable, as a matter of law, of an innocent and nondefamatory construction.

**Eighteenth Affirmative Defense:** The Hertz Defendants' statements with respect to Plaintiff, if any, were an expression of opinion protected by the First Amendment to the United States Constitution.

**Nineteenth Affirmative Defense:** Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

**Twentieth Affirmative Defense:** Plaintiff is barred from recovery because the Hertz Defendants' public statements, if any, were not material, and did not play a consequential part in leading Plaintiff to act, or refrain from acting, to Plaintiff's detriment.

**Twenty-First Affirmative Defense:** Plaintiff is barred from recovery because the Hertz Defendants' public statements were substantially true at the time they were made, and the Hertz Defendants did not otherwise believe or know them to be false.

**Twenty-Second Affirmative Defense:** The Hertz Defendants' statements with respect to Plaintiff, if any, were made in good faith on a subject matter in which the Hertz Defendants and Uber share an interest and duty, and as such, the Hertz Defendants enjoy a qualified privilege with respect to those statements.

DATED this 19th day of December, 2025

PISANELLI BICE PLLC

By: *__/s/ M. Magali Mercera__*

James J. Pisanelli, Esq., #4027
M. Magali Mercera, Esq., #11742
400 South 7th Street, Suite 300
Las Vegas, NV 89101

William C. O'Neil, Esq.
(*pro hac vice* forthcoming)
Matthew A. Durkin, Esq.
(*pro hac vice* forthcoming)
WINSTON & STRAWN LLP
300 North LaSalle, Suite 4400
Chicago, IL 60654

*Attorneys for Defendants The Hertz Corporation, Hertz Vehicles, LLLC, Dollar Rent a Car, Inc., Thrifty Rent a Car System, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC, and that on this 19th day of December, 2025, I caused to be served via the Court's e-filing/e-service program true and correct copies of the above and foregoing **DEFENDANTS THE HERTZ CORPORATION, HERTZ VEHICLES, LLLC, DOLLAR RENT A CAR, INC., AND THRIFTY RENT A CAR SYSTEM, LLC'S ANSWER TO COMPLAINT** to all parties registered for service.

*/s/ Kimberly Peets*
An employee of Pisanelli Bice PLLC