**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL MORSE,

     Plaintiff,

v.

THE HERTZ CORPORATION, et al.,

     Defendants.

Case No. 2:25-cv-02482-GMN-NJK

**Order**

[Docket No. 26]

Pending before the Court is Plaintiff's motion to extend the time for service and to serve Defendant Mirra Simpson by alternative means. Docket No. 26.

**I.     EXTENSION REQUEST**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). Plaintiff established sufficient cause to extend the time for effectuating service to April 27, 2026.

**II.     SERVICE BY ALTERNATIVE MEANS**

Plaintiff also seeks leave to serve Defendant Simpson by alternative means. Docket No. 26. Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Service by publication or other alternative means is permitted upon a showing that service by traditional means is impracticable because the defendant cannot be located through due diligence. *See, e.g.,* Nev. R. Civ. P. 4.4(b)(1)-(2); Nev. R. Civ. P. 4.4(c). Courts have considerable discretion in deciding whether alternative service should be permitted. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

Plaintiff cites *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) for the proposition that the Ninth Circuit and Nevada Rules of Civil Procedure permit service to be completed through email and certified mail. Docket No. 26 at 8-9. However, *Rio Props., Inc.* considered the applicability of Federal Rule of Civil Procedure 4(f)(3) for service on a foreign

business entity, and Rule 4(f) explicitly provides for service of an individual in a foreign country. *See* 284 F.3d at 1014-16; *see also* Fed. R. Civ. P. 4(f). Plaintiff here seeks the Court's approval to serve Defendant Simpson at a residence within this District. *See* Docket No. 26 at 9. Plaintiff fails to cite any authority in which a federal court allowed service of a summons by certified or direct mail of a party residing within a judicial district of the United States. *See* Docket No. 26.

Further, Plaintiff's motion seeks to effectuate service by "[e]lectronic mail at the last known email address for Simpson, if confirmed through investigation to be associated with [Simpson]." *See id.* at 9. However, Plaintiff fails to provide an email address for Defendant Simpson or explain how its investigation will confirm that service by email is reasonably calculated to apprise Simpson of the pendency of the action and afford her an opportunity to respond. Additionally, Plaintiff provides an exhibit showing a previous attempt to serve Defendant Simpson by email, but the email is directed to "miarrasimpson@yahoo.com," which is a different spelling of Defendant's first name than is used on the docket and throughout the instant motion. Docket No. 26 at 20 (exhibit 4).

Therefore, the Court **DENIES without prejudice** Plaintiff's request to serve Defendant Simpson by alternative means.

**III.      CONCLUSION**

Accordingly, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion. Docket No. 26. The time for effectuating service to Defendant Mirra Simpson is extended to April 27, 2026.

IT IS SO ORDERED.

Dated: February 24, 2026

_____
Nancy J. Koppe
United States Magistrate Judge