James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
M. Magali Mercera, Esq., Bar No. 11742
MMM@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, NV 89101
Telephone: (702) 214-2100
Facsimile: (702) 214-2101

William C. O'Neil (admitted *pro hac vice*)
woneil@winston.com
Matthew A. Durkin (admitted *pro hac vice*)
mdurkin@winston.com
Emma L. Sutton (admitted *pro hac vice*)
esutton@winston.com
WINSTON & STRAWN LLP
300 North LaSalle, Suite 4400
Chicago, IL 60654
Telephone: (312)558-3726
Facsimile: (312)558-5700

*Attorneys for Defendants*
*The Hertz Corporation, Hertz*
*Vehicles, LLLC, Dollar Rent a Car, Inc.,*
*Thrifty Rent a Car System, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL MORSE, an individual; and JASSMO, LLC, a Nevada limited liability company,

Plaintiffs,

vs.

THE Hertz CORPORATION, a Delaware corporation; Hertz VEHICLES, LLC, a Delaware limited liability company; DOLLAR RENT A CAR, INC., an Oklahoma corporation; THRIFTY RENT A CAR SYSTEM, LLC, an Oklahoma limited liability company; MIARRA SIMPSON, individually and as an employee of the Hertz CORPORATION; AMANDA STOVER, individually and as an employee of the Hertz CORPORATION; and DOES 2-10, inclusive,

Defendants.

Case No. 2:25-cv-02482-GMN-NJK

(Clark County District Court
Case No. A-25-931296-C)

**DEFENDANTS THE HERTZ CORPORATION, HERTZ VEHICLES, LLC, DOLLAR RENT A CAR, INC., AND THRIFTY RENT A CAR SYSTEM, LLC'S ANSWER TO AMENDED COMPLAINT TO ADD PLAINTIFF, JASSMO, LLC, AND DEFENDANT, AMANDA STOVER & TO PROPERLY NAME DEFENDANT MIARRA SIMPSON, PREVIOUSLY NAMED AS MIRRA SIMPSON; AND DEMAND FOR JURY TRIAL**

Complaint Filed: October 24, 2025
Complaint Removed to Federal Court:
December 12, 2025

Defendants The Hertz Corporation ("Hertz"), Hertz Vehicles, LLC, Dollar Rent A Car, Inc., and Thrifty Rent A Car System (collectively, the "Hertz Defendants"), by and through their counsel of record, the law firms of Winston & Strawn LLP and Pisanelli Bice PLLC, hereby submit their Answer to Plaintiffs Michael Morse and JASSMO, LLC's ("Plaintiffs") Amended Complaint (the "Complaint") as follows:

## I. COMPLAINT FOR DAMAGES

1. Paragraph 1 is a colloquy that purportedly provides a general summary of the basis for Plaintiffs' allegations in the Complaint and contains legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations in Paragraph 1.

## II. INTRODUCTION

2. The Hertz Defendants deny the allegations contained in Paragraph 2.

3. The allegations contained in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 3.

## III. NATURE OF THE ACTION

4. Paragraph 4 purports to summarize the claims alleged in the Complaint and contains legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations in Paragraph 4, and further deny that Plaintiffs are entitled to any relief.

## IV. JURISDICTION AND VENUE

5. The Hertz Defendants admit the allegations in Paragraph 5.

6. The allegations in Paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 6.

7. The allegations in Paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 7.

8. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, on that basis, deny the allegations contained therein.

## V. PARTIES

9. The Hertz Defendants admit that, upon information and belief, Plaintiff currently resides

in the city of Santa Maria. The Hertz Defendants otherwise lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, deny the allegations contained therein.

10. The Hertz Defendants admit the allegations contained in Paragraph 10.

11. The Hertz Defendants admit that Hertz Vehicles LLC has business contacts in Clark County, Nevada. The Hertz Defendants further admit that a majority of the vehicles rented out by The Hertz Corporation are titled in the name of Hertz Vehicles LLC. The Hertz Defendants deny the remaining allegations contained in Paragraph 11.

12. The Hertz Defendants admit the allegations contained in Paragraph 12.

13. The Hertz Defendants admit the allegations contained in Paragraph 13.

14. Paragraph 14 purports to explain Plaintiffs' strategy regarding further amending the Complaint. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 14.

15. The allegations in Paragraph 15 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants admit that Defendant Simpson was an employee of Hertz. The Hertz Defendants deny the remaining allegations contained in Paragraph 15.

16. The Hertz Defendants deny the allegations contained in Paragraph 16.

17. The allegations in Paragraph 17 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 17.

18. The allegations in Paragraph 18 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent that a response is required, the Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and, on that basis, deny the allegations contained therein.

## VI. GENERAL FACTUAL ALLEGATIONS

20. The Hertz Defendants deny the allegations contained in Paragraph 20.

21. The Hertz Defendants deny the allegations contained in Paragraph 21.

22. The Hertz Defendants deny the allegations contained in Paragraph 22.

23. The Hertz Defendants deny the allegations contained in Paragraph 23.

24. The Hertz Defendants deny the allegations contained in Paragraph 24.

*A. HERTZ fails to properly record rental extensions.*

25. The Hertz Defendants admit that Plaintiff Michael Morse had rented vehicles from Hertz through the Uber program since 2022. The Hertz Defendants further admit that there are several ways for its rental customers to extend their rental. The Hertz Defendants deny the remaining allegations contained in Paragraph 25.

26. The Hertz Defendants deny the allegations contained in Paragraph 26.

27. The Hertz Defendants deny the allegations contained in Paragraph 27.

28. The Hertz Defendants deny the allegations contained in Paragraph 28.

29. The Hertz Defendants deny the allegations contained in Paragraph 29.

30. The Hertz Defendants deny the allegations contained in Paragraph 30.

31. The Hertz Defendants admit the allegations contained in the first Paragraph numbered 31.

32. The Hertz Defendants deny the allegations contained in Paragraph 32.

33. The Hertz Defendants deny the allegations contained in the second Paragraph numbered 31.[1]

33. The Hertz Defendants deny the allegations contained in Paragraph 33.

*B. HERTZ fails to track inventory and rents "stolen" vehicles.*

34. The Hertz Defendants deny the allegations contained in Paragraph 34.

35. The Hertz Defendants deny the allegations contained in Paragraph 35.

*C. HERTZ fails to follow safeguards against false police reports.*

36. The Hertz Defendants deny the allegations contained in Paragraph 36.

37. The Hertz Defendants deny the allegations contained in Paragraph 37.

---

[1] The First Amended Complaint includes two paragraphs numbered as Paragraph 31. For consistency, the Hertz Defendants have maintained the numbering from the Complaint.

38. The Hertz Defendants deny the allegations contained in Paragraph 38.

39. The Hertz Defendants deny the allegations contained in Paragraph 39.

40. The Hertz Defendants deny the allegations contained in Paragraph 40.

41. The Hertz Defendants deny the allegations contained in Paragraph 41.

42. The Hertz Defendants deny the allegations contained in Paragraph 42.

*D. HERTZ fails to correct false police reports and false reports to Uber.*

43. The Hertz Defendants deny the allegations contained in Paragraph 43.

44. The Hertz Defendants deny the allegations contained in Paragraph 44.

45. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and, on that basis, deny the allegations contained therein.

*E. HERTZ maintains outdated computer systems.*

46. The Hertz Defendants deny the allegations contained in Paragraph 46.

47. The Hertz Defendants deny the allegations contained in Paragraph 47

*F. HERTZ benefits from false police reports.*

48. The Hertz Defendants deny the allegations contained in Paragraph 48.

49. The Hertz Defendants deny the allegations contained in Paragraph 49.

*G. HERTZ knows it files false police reports, and, by extension, HERTZ knows it sends false theft reports to Uber.*

50. The Hertz Defendants admit that Hertz announced a settlement of $168 million in 2022. The Hertz Defendants deny the remaining allegations contained in Paragraph 50.

51. The Hertz Defendants deny the allegations contained in Paragraph 51.

52. The Hertz Defendants deny the allegations contained in Paragraph 52.

53. The Hertz Defendants deny the allegations contained in Paragraph 53.

54. The judgments and dockets ambiguously referenced by Plaintiffs speak for themselves regarding the claims alleged therein. Plaintiffs' single-sentence summary is an incomplete depiction, and, on that basis, the Hertz Defendants deny the allegations contained in Paragraph 54.

55. The Hertz Defendants admit the articles cited by Plaintiffs exist but deny the characterizations of Hertz contained therein. The Hertz Defendants deny the remaining allegations contained in Paragraph 55.

56. The testimony ambiguously referenced by Plaintiffs speaks for itself. Plaintiffs' single-sentence summary is an incomplete depiction, and, on that basis, the Hertz Defendants deny the allegations contained in Paragraph 56.

*H. HERTZ files false police reports and prosecutes customers for an improper purpose.*

57. The Hertz Defendants deny the allegations contained in Paragraph 57.

58. The Hertz Defendants deny the allegations contained in Paragraph 58.

59. The allegations contained in Paragraph 59 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 59.

## VII. SPECIFIC FACTUAL ALLEGATIONS

60. The Hertz Defendants admit that Plaintiff Michael Morse rented vehicles from Hertz through the Uber program since 2022. The Hertz Defendants deny that Plaintiff Jassmo LLC rented vehicles from Hertz or was a "customer" of Hertz. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60, and, on that basis, deny the remaining allegations contained therein.

61. The Hertz Defendants admit the allegations contained in Paragraph 61.

62. The Hertz Defendants admit that Plaintiff Michael Morse was enrolled in Hertz's Uber program. The Hertz Defendants deny the remaining allegations contained in Paragraph 62.

63. The Hertz Defendants deny the allegations contained in Paragraph 63.

64. The Hertz Defendants deny the allegations contained in Paragraph 64.

65. The Hertz Defendants admit that Plaintiff Michael Morse brought the vehicle to the Hertz location on October 27, 2023. The Hertz Defendants deny the remaining allegations contained in Paragraph 65.

66. The Hertz Defendants deny the allegations contained in Paragraph 66.

67. The Hertz Defendants deny the allegations contained in Paragraph 67.

68. The Hertz Defendants deny the allegations contained in Paragraph 68.

69. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and, on that basis, deny the allegations contained therein.

70. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and, on that basis, deny the allegations contained therein.

71. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and, on that basis, deny the allegations contained therein.

72. The allegations in Paragraph 72 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 72.

73. The Hertz Defendants deny the allegations contained in Paragraph 73.

74. The Hertz Defendants admit that Plaintiff served Hertz with a subpoena in conjunction with his criminal case and a demand letter. The Hertz Defendants deny the remaining allegations contained in Paragraph 74.

75. The Hertz Defendants deny the allegations contained in Paragraph 75.

76. The Hertz Defendants deny the allegations contained in Paragraph 76.

77. The Hertz Defendants deny the allegations contained in Paragraph 77.

78. The Hertz Defendants deny the allegations contained in Paragraph 78.

79. The Hertz Defendants admit that both Plaintiff Michael Morse and Defendant Simpson received citations for battery. The Hertz Defendants deny the remaining allegations contained in Paragraph 79.

80. The Hertz Defendants deny the allegations contained in Paragraph 80.

81. The Hertz Defendants deny the allegations contained in Paragraph 81.

82. The Hertz Defendants deny the allegations contained in Paragraph 82.

83. The Hertz Defendants admit that Plaintiffs purport to quote former CEO Steven Scherr,

and any statements or words printed in the media story identified in footnote 4 of the Complaint speak for themselves. The Hertz Defendants deny the remaining allegations contained in Paragraph 83.

84. The Hertz Defendants admit that Plaintiffs purport to quote statements made by Hertz in its November 12, 2024 SEC Form 10-Q, and cites to a December 6, 2022 NPR news article as the source of the same. The Hertz Defendants admit that the quoted language was included in the SEC Form (but not the cited article), but deny Paragraph 84's characterizations concerning the same.

85. Paragraph 85 contains legal conclusions to which no response is required. To the extent that a response is required, the Hertz Defendants deny the allegations contained in Paragraph 85.

86. The Hertz Defendants deny the allegations contained in Paragraph 86.

87. The allegations in Paragraph 87 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 87, and, on that basis, deny the allegations contained therein.

88. The allegations in Paragraph 88 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 88.

89. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 89, and, on that basis, deny the allegations contained therein.

90. The Hertz Defendants deny the allegations contained in Paragraph 90.

91. The allegations in Paragraph 91 contain legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 91.

92. The Hertz Defendants deny the allegations contained in Paragraph 92.

93. The Hertz Defendants deny the allegations contained in Paragraph 93.

/ / /

/ / /

/ / /

## VIII. CAUSES OF ACTION

## COUNT I

### Negligence

### (HERTZ and Does 2-10)

94. The Hertz Defendants incorporate their answers to Paragraphs 1-93 as if fully restated herein as their answer to Paragraph 94.

95. The Hertz Defendants admit that Plaintiff Michael Morse rented vehicles from Hertz. The Hertz Defendants deny the remaining allegations contained in Paragraph 95.

96. The allegations contained in Paragraph 96 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 96.

97. The allegations contained in Paragraph 97 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 97.

98. The Hertz Defendants admit that they are aware of the existence of the litigation mentioned in Paragraph 98, but deny the characterization of such litigation contained therein. The Hertz Defendants deny the remaining allegations contained in Paragraph 98.

99. The Hertz Defendants deny the allegations contained in Paragraph 99.

100. The allegations contained in Paragraph 100 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 100.

101. The allegations contained in Paragraph 101 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 101.

102. The allegations contained in Paragraph 102 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 102, and further deny that Plaintiffs are entitled to any relief.

103. The allegations contained in Paragraph 103 state legal conclusions to which no response

is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 103, and further deny that Plaintiffs are entitled to any relief.

104. The allegations contained in Paragraph 104 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 104, and further deny that Plaintiffs are entitled to any relief.

## COUNT 2

### Civil Battery with Gross Bodily Injury

### (HERTZ, SIMPSON, and STOVER)

105. The Hertz Defendants incorporate their answers to Paragraphs 1-104 as if fully restated herein as their answer to Paragraph 105.

106. The allegations contained in Paragraph 106 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 106.

107. The allegations contained in Paragraph 107 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 107.

108. The Hertz Defendants deny the allegations contained in Paragraph 108.

109. The Hertz Defendants deny the allegations contained in Paragraph 109.

110. The allegations contained in Paragraph 110 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 110.

111. The allegations contained in Paragraph 111 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 111.

112. The allegations contained in Paragraph 112 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 112.

113. The allegations contained in Paragraph 113 state legal conclusions to which no response

is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 113.

**COUNT 3**

**False Imprisonment**

**(HERTZ and SIMPSON)**

114. The Hertz Defendants incorporate their answers to Paragraphs 1-113 as if fully restated herein as their answer to Paragraph 114.

115. The allegations contained in Paragraph 115 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 115.

116. The allegations contained in Paragraph 116 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 116.

117. The allegations contained in Paragraph 117 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 117.

118. The allegations contained in Paragraph 118 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 118.

119. The allegations contained in Paragraph 119 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 119.

120. The allegations contained in Paragraph 120 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 120.

/ / /

/ / /

/ / /

**COUNT 4**

**Breach of Contract based on Fraudulent Misrepresentation**

**(HERTZ and Does 2-10)**

121. The Hertz Defendants incorporate their answers to Paragraphs 1-120 as if fully restated herein as their answer to Paragraph 121.

122. The allegations contained in Paragraph 122 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 122.

123. The allegations contained in Paragraph 123 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 123.

124. The allegations contained in Paragraph 124 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 124.

125. The allegations contained in Paragraph 125 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 125.

126. The allegations contained in Paragraph 126 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 126.

127. The allegations contained in Paragraph 127 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 127.

128. The allegations contained in Paragraph 128 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 128.

**<u>COUNT 5</u>**

**Defamation (Libel)**

**(HERTZ, SIMPSON, STOVER, and Does 2-10)**

129. The Hertz Defendants incorporate their answers to Paragraphs 1-128 as if fully restated herein as their answer to Paragraph 129.

130. The allegations contained in Paragraph 130 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 130.

131. The allegations contained in Paragraph 131 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 131.

132. The allegations contained in Paragraph 132 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 132.

133. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and, on that basis, deny the allegations contained therein

134. The allegations contained in Paragraph 134 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 134.

135. The Hertz Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 135, and, on that basis, deny the allegations contained therein.

136. The allegations contained in Paragraph 136 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 136.

137. The allegations contained in Paragraph 137 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in

Paragraph 137.

138. The allegations contained in Paragraph 138 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 138.

**COUNT 6**

**Intentional Infliction of Emotional Distress**

**(HERTZ, SIMPSON, STOVER and Does 2-10)**

139. The Hertz Defendants incorporate their answers to Paragraphs 1-138 as if fully restated herein as their answer to Paragraph 139.

140. The allegations contained in Paragraph 140 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 140.

141. The allegations contained in Paragraph 141 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 141.

142. The allegations contained in Paragraph 142 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 142.

143. The allegations contained in Paragraph 143 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 143.

144. The allegations contained in Paragraph 144 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 144.

145. The allegations contained in Paragraph 145 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 145.

146. The allegations contained in Paragraph 146 state legal conclusions to which no response

is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 146.

147. The allegations contained in Paragraph 147 state legal conclusions to which no response is required. To the extent a response is required, the Hertz Defendants deny the allegations contained in Paragraph 147.

## IX. PRAYER FOR RELIEF

1. The Hertz Defendants deny the allegations in the second Paragraph numbered 1 and deny that Plaintiffs are entitled to any of the requested relief, or any relief whatsoever.[2]

2. The Hertz Defendants deny the allegations in the second Paragraph numbered 2 and deny that Plaintiffs are entitled to any of the requested relief against them, or any relief whatsoever.

3. The Hertz Defendants deny the allegations in the second Paragraph numbered 3 and deny that Plaintiffs are entitled to any of the requested relief against them, or any relief whatsoever.

4. The Hertz Defendants deny the allegations in the second Paragraph numbered 4 and deny that Plaintiffs are entitled to any of the requested relief against them, or any relief whatsoever.

5. The Hertz Defendants deny the allegations in the second Paragraph numbered 5 and deny that Plaintiffs are entitled to any of the requested relief against them, or any relief whatsoever.

6. The Hertz Defendants deny the allegations in the second Paragraph numbered 6 and deny that Plaintiffs are entitled to any of the requested relief against them, or any relief whatsoever.

## X. DEMAND FOR JURY TRIAL

The Hertz Defendants admit that Plaintiffs purport to demand a jury trial, but denies that Plaintiffs are entitled to a jury trial on all or some of the claims asserted in this action.

## GENERAL DENIAL

All allegations in the Complaint that have not been expressly admitted, denied, or otherwise responded to, are denied.

## AFFIRMATIVE DEFENSES

As separate and additional defenses to each of Plaintiffs' purported causes of action, and without admitting the truth of any allegation set forth in the Complaint not expressly admitted herein or conceding

[2] For consistency, the Hertz Defendants have maintained the numbering from the Complaint.

that the Hertz Defendants bear the burden of proof or persuasion as to any of the issues raised in these defenses, the Hertz Defendants assert the following affirmative defenses to the Complaint and each of the causes of action purportedly stated therein. The Hertz Defendants reserve the right to assert other defenses and claims, including, without limitation, counterclaims, cross-claims, and third-party claims, as and when appropriate and/or available in this action.

**First Affirmative Defense:** The Complaint fails to state a cause of action upon which relief can be granted.

**Second Affirmative Defense:** Plaintiffs are barred from recovery because any damages suffered by Plaintiffs were not caused in fact or proximately caused by the alleged acts of the Hertz Defendants.

**Third Affirmative Defense:** Plaintiffs' damages, if any, were caused, in whole or in part, by the acts of individuals or entities other than the Hertz Defendants, including Plaintiffs themselves.

**Fourth Affirmative Defense:** Plaintiffs are barred from recovery because at the time of the Hertz Defendants' alleged police report and at the time of Plaintiff Michael Morse's citation, there was probable cause to believe that Plaintiff Michael Morse had committed, or was committing, a crime.

**Fifth Affirmative Defense:** Plaintiffs are barred from recovery because at the time of the Hertz Defendants' alleged police report, the Hertz Defendants did not act maliciously.

**Sixth Affirmative Defense:** Plaintiffs are barred from recovery because at the time of the Hertz Defendants' alleged police report, the Hertz Defendants did not actively participate in or instigate Plaintiff Michael Morse's arrest, detainment, or citation.

**Seventh Affirmative Defense:** Plaintiffs are barred from recovery because at the time of the Hertz Defendants' alleged police report, the Hertz Defendants merely provided information to law enforcement, which was then free to exercise its own judgment and discretion, and made an independent determination to arrest, detain, and prosecute Plaintiff Michael Morse.

**Eighth Affirmative Defense:** Plaintiffs are barred from recovery because the Hertz Defendants enjoy a qualified privilege for reports made in good faith to law enforcement.

**Ninth Affirmative Defense:** The Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

**Tenth Affirmative Defense:** At all relevant times, the Hertz Defendants' actions were in good faith and were not intended to deceive.

**Eleventh Affirmative Defense:** The Hertz Defendants duly performed and satisfied all duties and obligations that it may have owed Plaintiffs arising out of the rental agreement.

**Twelfth Affirmative Defense:** Plaintiff Michael Morse breached contractual obligations he owed to the Hertz Defendants.

**Thirteenth Affirmative Defense** Plaintiffs are barred, in whole or in part, from recovery of any damages from Defendant because Plaintiffs may not bring an action at law against an employer by invoking *respondeat superior* or any other legal theory for any alleged injury that Plaintiffs sustained which was caused by a nonmanagement employee or an employee acting outside the course and scope of their employment duties and responsibilities.

**Fourteenth Affirmative Defense:** The Hertz Defendants reserve the right to amend this Answer up to and including the time of trial to include any affirmative defense that may become known or be discovered during the course of further discovery in this matter.

**Fifteenth Affirmative Defense:** The Hertz Defendants statements, actions, or omissions with respect to Plaintiffs, if any, are protected as privileged and justified under applicable Nevada and federal law, including, but not limited to, the First Amendment of the United States Constitution.

**Sixteenth Affirmative Defense:** The Hertz Defendants' statements with respect to Plaintiffs, if any, were not defamatory and were substantially true.

**Seventeenth Affirmative Defense:** The Hertz Defendants' statements with respect to Plaintiffs, if any, are reasonably capable, as a matter of law, of an innocent and nondefamatory construction.

**Eighteenth Affirmative Defense:** The Hertz Defendants' statements with respect to Plaintiffs, if any, were an expression of opinion protected by the First Amendment to the United States Constitution.

**Nineteenth Affirmative Defense:** Plaintiffs' alleged damages are speculative and thus unavailable as a matter of law.

**Twentieth Affirmative Defense:** Plaintiffs are barred from recovery because the Hertz Defendants' public statements, if any, were not material, and did not play a consequential part in leading Plaintiffs to act, or refrain from acting, to Plaintiffs' detriment.

**Twenty-First Affirmative Defense:** Plaintiffs are barred from recovery because the Hertz Defendants' public statements were substantially true at the time they were made, and the Hertz Defendants did not otherwise believe or know them to be false.

**Twenty-Second Affirmative Defense:** The Hertz Defendants' statements with respect to Plaintiffs, if any, were made in good faith on a subject matter in which the Hertz Defendants and Uber share an interest and duty, and as such, the Hertz Defendants enjoy a qualified privilege with respect to those statements.

**Twenty-Third Affirmative Defense:** Plaintiff Jassmo LLC's claims are barred because it did not rent a vehicle from the Hertz Defendants.

**Twenty-Fourth Affirmative Defense:** Plaintiff Jassmo LLC's claims are barred to the extent that the relevant statute of limitations have expired.

DATED this 27th day of April, 2026

PISANELLI BICE PLLC

By: *<u>/s/ M. Magali Mercera</u>*
James J. Pisanelli, Esq., #4027
M. Magali Mercera, Esq., #11742
400 South 7th Street, Suite 300
Las Vegas, NV 89101

William C. O'Neil, Esq.
(admitted *pro hac vice*)
Matthew A. Durkin, Esq.
(admitted *pro hac vice*)
Emma L. Sutton, Esq.
(admitted *pro hac vice*)
WINSTON & STRAWN LLP
300 North LaSalle, Suite 4400
Chicago, IL 60654

*Attorneys for Defendants*
*The Hertz Corporation, Hertz*
*Vehicles, LLLC, Dollar Rent a Car, Inc., and*
*Thrifty Rent a Car System, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC, and that on this 27th day of April 2026, I caused to be served via the Court's e-filing/e-service program true and correct copies of the above and foregoing **DEFENDANTS THE HERTZ CORPORATION, HERTZ VEHICLES, LLC, DOLLAR RENT A CAR, INC., AND THRIFTY RENT A CAR SYSTEM, LLC'S ANSWER TO AMENDED COMPLAINT TO ADD PLAINTIFF, JASSMO, LLC, AND DEFENDANT, AMANDA STOVER & TO PROPERLY NAME DEFENDANT MIARRA SIMPSON, PREVIOUSLY NAMED AS MIRRA SIMPSON; AND DEMAND FOR JURY TRIAL** to the following:

G. Mark Albright, Esq.
Kyle W. Fenton, Esq.
Jason Kelly, Esq.
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
801 S. Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
gma@albrightstoddard.com
kfenton@albrightstoddard.com
jkelly@albrightstoddard.com

*Attorneys for Plaintiffs*

M. Jude Egan, Esq.
EGAN LAW
426 Barcellus Avenue, Suite 304
Santa Maria, California 93454
jude@judeeganlaw.com

*Attorneys for Plaintiffs*

*/s/ Téa Rivera*
An employee of Pisanelli Bice PLLC